IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JOSEPH M. GRKMAN, JR., Individually and as the ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased,<br>        Plaintiff,<br><br>v.<br><br>890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG; 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG, and EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL,<br>        Defendants | Case No.<br><br>Judge<br><br>Magistrate Judge |

## NOTICE OF REMOVAL

Defendants, 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg ("890 Weatherwood Operating") and 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg ("890 Weatherwood") (collectively the "TRNC Defendants"), hereby remove this action from the Court of Common Pleas of Westmoreland County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. The grounds for this removal are as follows:

1. The TRNC Defendants remove this action pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2. On March 30, 2016, Plaintiff filed his Complaint in Civil Action in the Court of Common Pleas of Westmoreland County, Pennsylvania styled *Joseph M. Grkman, Jr., Individually and as the Administrator of the Estate of Joseph M. Grkman, Deceased v. 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg; 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg, and Excela Health d/b/a Excela Health Westmoreland Hospital*, Case Number 98 of 2016 (the "State Court Action"). A copy of the docket sheet and all other documents on file with the Westmoreland County Court of Common Pleas in the State Court action are attached hereto as **Exhibit A.**

3. In his Complaint in the State Court Action, Plaintiff brought claims against 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg, 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg and Excela Health d/b/a Excela Health Westmoreland Hospital.

4. On or about April 15, 2016, the court dismissed Excela Health Westmoreland Hospital pursuant to a Stipulation to Discontinue as to Fewer than All Defendants pursuant to 231 Pa.C.S. § 229.

5. As a result of the dismissal of Excela Health Westmoreland Hospital, the TRNC Defendants are the only remaining defendants and there now is complete diversity.

6. Plaintiff's Complaint in the State Court Action alleges two causes of action:

    a. Count I is styled as a claim for "Survival – Negligence." In Count I, Plaintiff requests a judgment "in an amount in excess of the jurisdictional arbitration limits" in addition to costs. *Id.* at p. 12 at *ad damnum* clause.

   b. Count II is styled as a claim for "Negligence – Wrongful Death." In Count II, Plaintiff requests a judgment "in an amount in excess of the jurisdictional arbitration limits" in addition to costs. *Id*. at p. 13 at *ad damnum* clause. Count II is not pled in the alternative to Count I.

 7. This action is removable pursuant to 28 U.S.C. § 1441(a) because the district courts of the United States have original jurisdiction over this action based on diversity of citizenship under § 1332.

 8. The State Court Action was filed in the Westmoreland County Court of Common Pleas. Removal to this Court is proper because this is the "district and division embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 118(c).

 9. Promptly after the filing of this Notice, the TRNC Defendants will give written notice thereof to all adverse parties, and will file a copy of this notice with the Prothonotary of the Westmoreland County Court of Common Pleas. *See* 28 U.S.C. § 1446(d).

## I. Diversity of Citizenship:

### A. Citizenship of Plaintiff

 10. Plaintiff brings this action as the legal representative of the estate of Joseph M. Grkman, deceased. Joseph M. Grkman was a citizen of the Commonwealth of Pennsylvania. Therefore, Plaintiff is deemed to be a citizen of Pennsylvania. 28 U.S.C. § 1332(c)(2). Furthermore, the Estate was opened and is being administered in Pennsylvania. Plaintiff was appointed Administrator of the Estate on May 19, 2015 in Pennsylvania.

### B. Citizenship of Defendants

 11. The FRNC Defendants are the only remaining defendants and neither of the TRNC Defendants is a citizen of Pennsylvania. Thus, complete diversity exists.

12. Defendant 890 Weatherwood Operating is a Delaware limited liability company with an address of 173 Bridge Plaza North, Fort Lee, New Jersey 07024. The sole member of 890 Weatherwood Operating is THCI Company, LLC ("THCI"). *See* Declaration of Thomas A. McKinney ("McKinney Declaration") ¶4, attached hereto as **Exhibit B**.

13. Defendant 890 Weatherwood is a Delaware limited liability company with an address of 173 Bridge Plaza North, Fort Lee, New Jersey 07024. The sole member of 890 Weatherwood is THCI. *Id.*, ¶5.

14. All members of THCI are citizens of New Jersey, New York or Rhode Island. None of the members of THCI are citizens of Pennsylvania. *Id.* ¶7.

15. THCI is a Delaware limited liability company. The sole member of THCI is THCI Holding Company. *Id.*

16. THCI Holding Company is a Delaware limited liability company. The sole member of THCI Holding Company is Care Realty, LLC ("Care Realty"). *Id.*

17. Care Realty is a Delaware limited liability company whose members are all citizens of the State of New Jersey. None of the members of Care Realty are citizens of the Commonwealth of Pennsylvania. *Id.*

18. For diversity purposes, 890 Weatherwood Operating and 890 Weatherwood are deemed to be citizens of New Jersey, New York or Rhode Island, but not Pennsylvania. *See* 28 U.S.C. 1441(a); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3rd Cir. 2010) (the citizenship of a limited liability company is determined by that of its members), *see also* McKinney Declaration at ¶7.

19. Neither 890 Weatherwood Operating nor 890 Weatherwood is a citizen of Pennsylvania for diversity purposes. *Id.*

20. Removal of this action on the basis of diversity of citizenship is permitted under 28 U.S.C. § 1441(b) because none of the parties joined and served as the TRNC Defendants is a citizen of the Commonwealth of Pennsylvania.

21. Additionally, Removal is not prohibited by § 1446(c) (1) because the removal is not more than one year after the commencement of this action.

## II. Amount in Controversy

22. The Complaint pleads two separate causes of action: a Survival Act claim and a Wrongful Death claim. None of Plaintiff's causes of action are alleged in the alternative. Under Pennsylvania law, claims under the Survival Act are separate and distinct from claims for Wrongful Death; the claims seek to vindicate different interests and rights of different persons (the deceased versus the beneficiaries of the deceased, respectively) and are subject to different measures of damages (tort damages accrued to the deceased versus tort damages to the beneficiaries by virtue of the deceased's death, respectively). *See Piacquadio v. Beaver Val. Service Co.*, 355 Pa. 183, 185, 49 A.2d 406 (1946).

23. The amount in controversy is determined by "a reasonable reading of the value of the rights being litigated," rather than "the low end of an open-ended claim..." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir., 1993) (citations omitted). The Complaint alleges claims for medical negligence during the course of a two and a half month stay in a nursing home, culminating in the death of an eighty-eight year old man survived by his sons. The survival cause of action seeks damages for physical injuries, pain, suffering, embarrassment, inconvenience, nervousness, loss of enjoyment of life, death, and the wrongful death cause of action seeks damages for funeral and estate expenses, hospital, nursing and medical expenses sustained by reason of Mr. Grkman's death, loss of companionship, and pecuniary benefits.

24. Faced with Complaints raising similar factual allegations and seeking similar categories of damages, courts have frequently concluded that the jurisdictional minimum is satisfied on the face of the Complaint. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107-08 (9th Cir., 2010); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir., 1993); *Roe v. Michelin North America, Inc.*, 637 F.Supp.2d 995, 999-1000 (M.D.Ala., 2009) *aff'd*, 613 F.3d 1058 (11th Cir., 2010); *Kammerdiener v. Ford Motor Co.*, C.D.Cal. No. ED-CV-09-2180, 2010 WL 682297 (Feb. 24, 2010), at *2 ("That Plaintiffs are seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint") (citations omitted). *See also McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir., 2008). The nature of the causes of action asserted in the Complaint and the sorts of damages sought therein further supports the conclusion that the amount in controversy in this action exceeds $75,000.

25. Finally, the damages awarded in similar nursing home negligence or wrongful death cases is a proper consideration in evaluating the amount in controversy. *Cross v. Bell Helmets, USA*, 927 F.Supp. 209, 213 at fn. 8 (E.D.Texas, 1996).

26. In this regard, Pennsylvania courts have rendered numerous judgments in nursing home personal injury or wrongful death cases exceeding the jurisdictional minimum. *See, e.g. Brown v. Berkshire Pennsylvania, Inc.*, Allegheny County Comm. Pleas No. GD-09-022301 (Jan. 27, 2012) ($300,000 verdict in nursing home negligence suit); *Williams v. Willow Terrace*, Philadelphia County Comm. Pleas No. 09-0303774 (Sept. 27, 2011) ($2.7 million verdict in nursing home wrongful death case); *Strine v. Commonwealth*, 586 Pa. 395, 894 A.2d 733 (2006) (referencing earlier $1.5 million settlement of nursing home wrongful death claim); *Blango v. Jeanes Hospital, Inc.*, Philadelphia County Comm. Pleas No. 07-1004518 (March 17, 2010) ($6

million verdict in nursing home wrongful death case); *Hall v. Episcopal Long Term Care*, 54 A.3d 881 (Pa.Super. 2012) (affirming nursing home negligence verdict of $150,000, and remanding for new trial to consider punitive damages).

27. In summary, the Complaint in the State Court Action discloses an amount in controversy in excess of $75,000, exclusive of interests and costs. It does so because (i) a reasonable reading of the rights being litigated and consideration of the nature of damages sought in the Complaint demonstrates that the amount in controversy exceeds $75,000.00, and (ii) the record of damages awarded in other nursing home tort cases and wrongful death cases in Pennsylvania confirms that this action involves an amount in controversy exceeding $75,000.00. Therefore, the statutory minimum for diversity jurisdiction exists. 28 U.S.C. § 1332(a).

### III. This Removal is Timely

28. Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of copy of the initial pleading setting forth the claim for relief…"

29. Defendant has submitted this Notice of Removal less than 30 days from its receipt of Plaintiff's Complaint. Thus removal is not barred by the time limit set forth in 28 U.S.C. § 1446(b)(1).

WHEREFORE, Defendant 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg and 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg gives notice that the above-captioned action filed by the Plaintiff in the Court of Common Pleas of Westmoreland County, Pennsylvania is hereby removed to the United States District Court for the Western District of Pennsylvania, Pittsburg Division.

Dated: April 26, 2016

Respectfully submitted,

BUCHANAN INGERSOLL & ROONEY PC

By: /s/ Robert D. Finkel
    Eugene A. Giotto (Pa. Id. No. 58286)
    Robert D. Finkel (Pa. Id. No. 71130)
    Joanna S. Novak (Pa. Id. No. 308753)
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 562-8800

Counsel for 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg and 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF REMOVAL was filed electronically on April 26, 2016 via the CM/ECF system, which will provide notice and a copy of the filing upon the following counsel:

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was also served by U.S. First Class Mail, postage prepaid, this 26th day of April, 2016, upon the following:

Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Peirce & Associates, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219

/s/ Robert D. Finkel