Exhibit "A"

Westmoreland home | e-services | real property | civil court | marriage license | estate search | log out

**you are here :** homepage > e-services > civil court search >details

Case : 16CI00098

### JOSEPH M GRKMAN JR VS. 890 WEATHERWOOD LANE OPERATING COMPANY LLC D/B/A

Filed Date: 2016-01-11
Case Type/Subtype:
Status: MGT CL
Judge: CHRIS SCHERER

| PARTIES | |
|---|---|
| **Party Type** | **Party Name** |
| DEFENDANT | 890 WEATHERWOOD LANE OPERATING COMP |
| DEFENDANT | 890 WEATHERWOOD LANE OPERATING COMP |
| DEFENDANT | REHABILITATION AND NURSING CENTER A |
| DEFENDANT | 890 WEATHERWOOD LANE LLC/DBA |
| DEFENDANT | EXCELA HEALTH/D/B/A |
| DEFENDANT | EXCELA HEALTH WESTMORELAND HOSPITAL |
| DEFENDANT | OPERATING COMPANY LLC  /DBA |
| DEFENDANT ATTY | GRIFFIN ASHLEY L |
| DEFENDANT ATTY | GIOTTO EUGENE A |
| DEFENDANT ATTY | FINKEL ROBERT D |
| DEFENDANT ATTY | NOVAK JOANNA S |
| PLAINTIFF ATTY | GIANANTONIO A MICHAEL |
| PLAINTIFF | GRKMAN JOSEPH M/ADM JR |
| PLAINTIFF | GRKMAN JOSEPH M/ESTATE |

| EVENTS |
|---|

| FILINGS | | |
|---|---|---|
| **\*NOTICE: To access images you must be logged in as a registered user.** **To Login Click HERE** **To Request Authorization as a registered user click HERE** | | |
| **Image** | **Date** | **Description** |
| \*Not Authorized | 2016-04-15 | STIPULATION AND ORDER TO DISCONTINUE EXCELA HEALTH DBA |
| \*Not Authorized | 2016-04-15 | NOTICE OF SERVICE OF PLFFS 1ST SET OF INTERROGATORIES |
| \*Not Authorized | 2016-04-11 | APPEARANCE ENTERED BY EUGENE A GIOTTO ESQ ROBERT D FINKEL |
| \*Not Authorized | 2016-03-30 | PLFFS COMPLAINT |

| | | |
|---|---|---|
| *Not Authorized | 2016-02-29 | AFFIDAVIT OF SERVICE FOR RULE TO FILE COMPLAINT |
| *Not Authorized | 2016-02-08 | PRAECIPE RULE TO FILE COMPLAINT EO DIE: RULE ISSUED |
| *Not Authorized | 2016-02-01 | APPEARANCE ENTERED BY ASHLEY L GRIFFIN ESQ |
| *Not Authorized | 2016-01-29 | SHERIFF'S RETURN 3 FOUND |
| *Not Authorized | 2016-01-11 | PRAECIPE WRIT OF SUMMONS EO DIE: WRIT ISSUED |

Instructions | feedback | faq | disclaimer

Powered By: Electronic Government Solutions ™  (EGS™)

© Copyright 2001, 2008 Electronic Government Solutions

4/21/2016

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## Civil Division

JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE
ESTATE OF JOSEPH M. GRKMAN,
Deceased,

       Plaintiff,

    vs.

890 WEATHERWOOD LANE
OPERATING COMPANY, LLC d/b/a
THE REHABILITATION AND
NURSING CENTER AT GREATER
PITTSBURG; 890 WEATHERWOOD
LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG,
and EXCELA HEALTH d/b/a EXCELA
HEALTH WESTMORELAND
HOSPITAL,

    Defendants.

No.: *98 of 2016*

PRAECIPE FOR WRIT OF SUMMONS

Code:

Filed on Behalf of: Joseph M. Grkman, Jr.,
Individually, and as Administrator of the Estate
of Joseph M. Grkman, Deceased

Counsel of Record for this Party:

ROBERT F. DALEY, ESQUIRE
Pa I.D. No.: 81992

A. MICHAEL GIANANTONIO
Pa I.D. No.: 89120

ROBERT PEIRCE & ASSOCIATES, P.C.
Firm I.D. No.: 839

2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229



FILED IN
Prothonotary's Office

JAN 1 1 2016

by:

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

    vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

No.:

### PRAECIPE FOR WRIT OF SUMMONS

TO:   The Prothonotary

     Kindly issue a Writ of Summons as to the Defendants, 890 Weatherwood Lane Operating

Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg; 890

Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg, and

Excela Health d/b/a Excela Health Westmoreland Hospital.

               Respectfully submitted,

               ROBERT PEIRCE & ASSOCIATES, P.C.

               By:

               A. MICHAEL GIANANTONIO ESQUIRE
               Counsel for Plaintiff

## COMMONWEALTH OF PENNSYLVANIA
## COUNTY OF WESTMORELAND

JOSEPH M. GRKMAN JR., individually and as the
ADMINISTRATOR OF THE ESTATE OF JOSEPH M.
GRKMAN, Deceased
          Plaintiff(s)
    Vs.
890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE REHABILITATION AND
NURSING CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG, and EXCELA
HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL,

No. 16CI00098

IN THE COURT OF COMMON PLEAS
WESTMORELAND COUNTY,
CIVIL ACTION - LAW

      Defendant(s)

To: 890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT
GREATER PITTSBURG, and EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND
HOSPITAL,

      You are notified that JOSEPH M. GRKMAN JR., individually and as the
ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased
has/have commenced an action by Writ of Summons against you.

Date:  JANUARY 11 2016

*Christina O'Brien*
CHRISTINA O'BRIEN, PROTHONOTARY

SEAL OF
THE
COURT

*Lori Campbell*
LORI CAMPBELL, DEPUTY

A MICHAEL GIANANTONIO, ESQ
PLAINTIFF ATTY
2500 GULF TOWER
707 GRANT STREET
PITTSBURGH, PA 15219
412-281-7229

2016 JAN 20  A  10: 58
WESTMORELAND COUNTY
SHERIFF'S OFFICE
RECEIVED

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

WESTMORELAND _____ **County**

| | |
|---|---|
| *For Prothonotary Use Only:* | |
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Joseph M. Grkman | 890 Weatherwood Lane Operating Company |

| | | |
|---|---|---|
| Are money damages requested?  ☒ Yes   ☐ No | Dollar Amount Requested: (check one) | ☐ within arbitration limits  ☒ outside arbitration limits |

| | |
|---|---|
| Is this a *Class Action Suit?*   ☐ Yes   ☒ No | Is this an *MDJ Appeal?*   ☐ Yes   ☒ No |

Name of Plaintiff/Appellant's Attorney:  A. MICHAEL GIANANTONIO, ESQUIRE 89120

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:**   Place an "X" to the left of the **ONE** case category that most accurately describes your ***PRIMARY CASE.*** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort – DES
- ☐ Toxic Tort – Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☒ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

SS                                                                                    *001*                                              1 of 3

# JONATHAN HELD, SHERIFF OF WESTMORELAND COUNTY
## 2 NORTH MAIN STREET
## GREENSBURG, PA 15601
### PHONE: 724-830-3457   FAX: 724-830-3808

(Prepare a separate affidavit form for each defendant to be served by the Sheriff)          Date: ~~01-18-16~~   1.21.16

**Last Day to Serve:** 2 / 10 / 2016

**Case Number:** 98 of 2016

Attorney's or Plaintiff's Name and address

A. MICHAEL GIANANTONIO

2500 GULF TOWER, 707 GRANT STREET

PITTSBURGH, PA 15219

Phone: 412-281-7229

| | | | |
|---|---|---|---|
| x | Complaint/Summons | | Revival/SCI FA |
| | Seizure/Possession | | Handbill |
| | Writ of Execution Garnishee | | Court Order |
| | Interrogatories | | Deputized Service |
| | Letter Mailed | | Other: |

**Plaintiff:** JOSEPH M. GRKMAN, Individually, and as the ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased,

vs

**Deft(s):** 890 WEATHERWOOD LANE OPERATING COMPANY, LLC, et al.

**Serve:** 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG

**Address:** 890 Weatherwood Lane, Greensburg, PA 15601

---

Indicate type of service: ☒ Personal  ☐ Deputized  ☒ Person in Charge  ☐ POST  ☐ Other _____

**SHERIFF'S OFFICE USE ONLY**

I hereby certify and return that on the 27th day of JAN, 2016, at 1110 o'clock a.m./p.m. address above/address below, County of Westmoreland Pennsylvania I have served in the manner described below:

☐ Defendant(s) personally served

☐ Adult in charge of Residence - Name: _____                    Relationship: _____

☒ Manager authorized to accept - Name: Carlene Hall-Cook   Title: _____

☐ Posted: _____

Defendant Not Found: ☐ Moved  ☐ Unknown  ☐ No Answer  ☐ Vacant  ☐ Other: _____

Attempts: _____ / _____ / _____ /

Deputy's Remarks:

Deputy Signature _____

| Advanced monies | West'd Sheriff's Cost | Deputized Co | TOTAL COSTS | Refund | Add Amount Owed |
|---|---|---|---|---|---|
| $ 325 | $ 202.46 | $ | $ 202.46 | $ 122.54 | $ |

NOW: _____ 20__ I, SHERIFF OF WESTMORELAND COUNTY, PA do hereby deputize the Sheriff of _____ County to execute this Writ and make return thereof according to law.

Deputized Cty Ck # _____   Advanced Amt $ _____

_____ Sheriff

AFFIRMED and subscribed to before me this

_____ day of _____ 20__

_____ Notary Public/ Prothonotary

**Deputized Sheriff**                                     Date 1/29/16

_____ Signature of Sheriff (Westmoreland Co)   Date cal

PROTHONOTARY (WHITE)          ATTORNEY (YELLOW)          SHERIFF (PINK)

SS

**JONATHAN HELD, SHERIFF OF WESTMORELAND COUNTY**
**2 NORTH MAIN STREET**
**GREENSBURG, PA 15601**
**PHONE: 724-830-3457   FAX: 724-830-3808**

2 of 3

(Prepare a separate affidavit form for each defendant to be served by the Sheriff)          Date: ~~01-18-16~~ 1.21.16

**Last Day to Serve:** 2/10/2016

**Case Number:** 98 ~~of 2016~~

**Attorney's or Plaintiff's Name and address**
A. MICHAEL GIANANTONIO

2500 GULF TOWER, 707 GRANT STREET

PITTSBURGH, PA 15219

Phone: 412-281-7229

**Plaintiff:** JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE ESTATE OF
JOSEPH M. GRKMAN, Deceased,
vs

**Deft(s):** 890 WEATHERWOOD LANE OPERATING
COMPANY, LLC et al.

**Serve:** 890 WEATHERWOOD LANE OPERATING COMPANY
LLC d/b/a THE REHABILITATION AND NURSING CENTER
AT GREATER PITTSBURG

**Address:** 890 Weatherwood Lane, Greensburg, PA
15601.

| | | | |
|---|---|---|---|
| X | Complaint/Summons | | Revival/SCI FA |
| | Seizure/Possession | | Handbill |
| | Writ of Execution Garnishee | | Court Order |
| | Interrogatories | | Deputized Service |
| | Letter Mailed | | Other: |

**Indicate type of service:** ☒ Personal ☐ Deputized ☒ Person in Charge ☐ POST ☐ Other_____

**SHERIFF'S OFFICE USE ONLY**
I hereby certify and return that on the 27th day of JAN _____, 20 16, at 11 10 o'clock a.m./p.m. address
above/address below, County of Westmoreland Pennsylvania I have served in the manner described below:
☐ Defendant(s) personally served _____
☐ Adult in charge of Residence - Name: _____ Relationship: _____
☒ Manager authorized to accept - Name: Carlene Hall-Cook Title: _____
☐ Posted: _____
Defendant Not Found: ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other: _____
Attempts: _____ / _____ / _____ / _____
Deputy's Remarks:

Deputy Signature: _____

| Advanced monies | West'd Sheriff's Cost | Deputized Co | TOTAL COSTS | Refund | Add Amount Owed |
|---|---|---|---|---|---|
| $ | $ | $ | $ | $ | $ |

NOW: _____ 20__ I, SHERIFF OF WESTMORELAND COUNTY, PA do hereby deputize the Sheriff of
_____ County to execute this Writ and make return thereof according to law.
Deputized Cty Ck #_____ Advanced Amt $ _____
_____
**Sheriff**

AFFIRMED and subscribed to before me this
_____ day of _____ 20__

Notary Public/ Prothonotary

_____
**Deputized Sheriff**

_____
**Signature of Sheriff (Westmoreland Co)**

Date 1/29/16
Date Cao

PROTHONOTARY (WHITE)          ATTORNEY (YELLOW)          SHERIFF (PINK)

SS.

**JONATHAN HELD, SHERIFF OF WESTMORELAND COUNTY**
**2 NORTH MAIN STREET**
**GREENSBURG, PA 15601**
**PHONE: 724-830-3457   FAX: 724-830-3808**

3 of 3

(Prepare a separate affidavit form for each defendant to be served by the Sheriff)      Date: ~~01-18-16~~ 1.21.16

**Last Day to Serve:** 2|10|2016

**Case Number:** ~~98 of 2016~~

**Attorney's or Plaintiff's Name and address**

~~A. MICHAEL GIANANTONIO~~

~~2500 GULF TOWER, 707 GRANT STREET~~

~~PITTSBURGH, PA  15219~~

**Phone:** ~~412-281-7229~~

**Plaintiff:** JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE ESTATE OF
JOSEPH M. GRKMAN, Deceased
VS

**Deft(s):** 890 WEATHERWOOD LANE OPERATING COMPANY
LLC, et al.

**Serve:** EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL

**Address:** 532 WEST PITTSBURGH STREET,
GREENSBURG, PA 15601.

| | | | |
|---|---|---|---|
| X | Complaint/Summons | | Revival/SCI FA |
| | Seizure/Possession | | Handbill |
| | Writ of Execution Garnishee | | Court Order |
| | Interrogatories | | Deputized Service |
| | Letter Mailed _____ | | Other: |

Indicate type of service: ☒ Personal  ☐ Deputized  ☒ Person in Charge  ☐ POST  ☐ Other_____

**SHERIFF'S OFFICE USE ONLY**

I hereby certify and return that on the 27th day of JAN ,20 16 , at 1050 o'clock a.m./p.m. address
above/address below, County of Westmoreland Pennsylvania I have served in the manner described below:

☐ Defendant(s) personally served _____

☐ Adult in charge of Residence - Name: _____ Relationship: _____

☒ Manager authorized to accept - Name: Albert Rosati   Title: RICK MGR

☐ Posted: _____

Defendant Not Found: ☐ Moved ☐ Unknown ☐ No Answer ☐ Vacant ☐ Other: _____

Attempts: _____ / _____ / _____ / _____

Deputy's Remarks:

Deputy Signature _____

| Advanced monies | West'd Sheriff's Cost | Deputized Co | TOTAL COSTS | Refund | Add Amount Owed |
|---|---|---|---|---|---|
| $ | $ | $ | $ | $ | $ |

NOW: _____ 20__ I, SHERIFF OF WESTMORELAND COUNTY, PA do hereby deputize the Sheriff of
_____ County to execute this Writ and make return thereof according to law.

Deputized Cty Ck #_____   Advanced Amt $ _____

_____
Sheriff

AFFIRMED and subscribed to before me this
_____ day of _____ 20__

_____
Notary Public/ Prothonotary

_____
Deputized Sheriff

_____ Date
Signature of Sheriff (Westmoreland Co)   Date 1/29/16

PROTHONOTARY (WHITE)      ATTORNEY (YELLOW)      SHERIFF (PINK)

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

| | |
|---|---|
| JOSEPH M. GRKMAN, JR., Individually and as the ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURGH; 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURGH, and EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL,<br><br>Defendants. | CIVIL DIVISION<br><br>No. 98 of 2016<br><br>Issue No.<br><br>**PRAECIPE FOR APPEARANCE**<br><br>Code:<br><br>Filed on behalf of defendant Excela Health d/b/a Excela Health Westmoreland Hospital<br><br>Counsel of Record for this Party:<br><br>Ashley L. Griffin, Esquire<br>PA I.D. #208761<br><br>Thomson, Rhodes & Cowie, P.C.<br>Firm #720<br>1010 Two Chatham Center<br>Pittsburgh, PA  15219<br>(412) 232-3400<br><br>Direct Dial:  (412) 316-8652<br>Email:  alg@trc-law.com<br>Facsimile:  (412) 232-3498 |

2016 FEB -1  AM 10: 32

CHRISTINA O'BRIEN
PROTHONOTARY

## PRAECIPE FOR APPEARANCE

TO:    CHRISTINA A. O'BRIEN, PROTHONOTARY

     Kindly enter our appearance on behalf of Excela Health d/b/a Excela Health Westmoreland Hospital, one of the defendants.

     JURY TRIAL DEMANDED.

                      THOMSON, RHODES & COWIE, P.C.

                      By_____
                         Ashley L. Griffin, Esquire
                         Attorneys for defendant Excela Health d/b/a
                         Excela Health Westmoreland Hospital

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the within **PRAECIPE FOR APPEARANCE** has been served upon the following counsel of record on this _29_ day of _Jan_ , 2016:

> Robert F. Daley, Esquire
> A. Michael Gianantonio, Esquire
> Robert Peirce & Associates, P.C.
> 2500 Gulf Tower, 707 Grant Street
> Pittsburgh, PA  15219
> *(Counsel for Plaintiff)*

THOMSON, RHODES & COWIE, P.C.

By_____

Ashley L. Griffin, Esquire
Counsel for defendant Excela Health d/b/a
Excela Health Westmoreland Hospital

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

      vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

CIVIL DIVISION

No. 98 of 2016

Issue No.

**PRAECIPE FOR RULE TO FILE
COMPLAINT**

Code:

Filed on behalf of defendant Excela Health
d/b/a Excela Health Westmoreland Hospital

Counsel of Record for this Party:

Ashley L. Griffin, Esquire
PA I.D. #208761

Thomson, Rhodes & Cowie, P.C.
Firm #720
1010 Two Chatham Center
Pittsburgh, PA 15219
(412) 232-3400

Direct Dial: (412) 316-8652
Email: alg@trc-law.com
Facsimile: (412) 232-3498



## PRAECIPE FOR RULE TO FILE COMPLAINT

TO:    CHRISTINA A. O'BRIEN, PROTHONOTARY

Kindly issue a rule on plaintiff to file his complaint within twenty days.

JURY TRIAL DEMANDED.

THOMSON, RHODES & COWIE, P.C.

By _____
      Ashley L. Griffin, Esquire
      Attorneys for defendant Excela Health d/b/a
      Excela Health Westmoreland Hospital

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the within **PRAECIPE FOR RULE TO FILE COMPLAINT** has been served upon the following counsel of record on this ⎽S⎽ day of ⎽⎽Feb⎽⎽, 2016:

Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Peirce & Associates, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219
(*Counsel for Plaintiff*)

THOMSON, RHODES & COWIE, P.C.

By ⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
Ashley L. Griffin, Esquire
Counsel for defendant Excela Health d/b/a
Excela Health Westmoreland Hospital

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

     Plaintiff,

     vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

     Defendants.

CIVIL DIVISION

No. 98 of 2016

Issue No.

**AFFIDAVIT OF SERVICE FOR RULE TO
FILE COMPLAINT**

Code:

Filed on behalf of defendant Excela Health
d/b/a Excela Health Westmoreland Hospital

Counsel of Record for this Party:

Ashley L. Griffin, Esquire
PA I.D. #208761

Thomson, Rhodes & Cowie, P.C.
Firm #720
1010 Two Chatham Center
Pittsburgh, PA  15219
(412) 232-3400

Direct Dial:  (412) 316-8652
Email:  alg@trc-law.com
Facsimile:  (412) 232-3498


2016 FEB 29  AM 11: 06
CHRISTINA O'BRIEN
PROTHONOTARY

## <u>AFFIDAVIT OF SERVICE OF RULE TO FILE COMPLAINT</u>

Before me, the undersigned authority, personally appeared Ashley L. Griffin, Esquire, who, being duly sworn, deposes and says that a true and correct copy of the Rule to File a Complaint in the above-captioned case was served upon plaintiff's counsel, Robert F. Daley, Esquire and A. Michael Gianantonio, Esquire, of Robert Peirce & Associates, P.C., 2500 Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219, by certified mail, return receipt requested, and that the same was received on his behalf on February 18, 2016 as shown by the return receipt attached hereto as Exhibit A.

Respectfully submitted,

Ashley L. Griffin, Esquire

Sworn to and subscribed

before me this 25

day of February 2016.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Kathleen A. Frelas, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Nov. 30, 2019
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Notary Public

## EXHIBIT A

UNITED STATES POSTAL SERVICE



| First-Class Mail |
|---|
| Postage & Fees Paid |
| USPS |
| Permit No. G-10 |

ALG – 18336 GRKMAN

• Sender: Please print your name, address, and ZIP+4® in this box•

### THOMSON, RHODES & COWIE, P.C.
### 1010 Two Chatham Center
### Pittsburgh, PA 15219

USPS TRACKING#



9590 9401 0068 5071 7638 71

---

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. | A. Signature |
| ■ Print your name and address on the reverse so that we can return the card to you. | ☐ Agent   ☐ Addressee |
| ■ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)   C. Date of Delivery  02.18.2016 |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes |
| A. MICHAEL Giancantonio ESQ<br>RoBERT PIERCE & Assoc.<br>2500 GOLF Tower, 707 GT ST<br>PGH  PA  15219 | If YES, enter delivery address below: ☐ No |

9590 9401 0068 5071 7638 71

| 3. Service Type | |
|---|---|
| ☐ Adult Signature | ☐ Priority Mail Express® |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail™ |
| ☑ Certified Mail® | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail Restricted Delivery | ☑ Return Receipt for Merchandise |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ Insured Mail | |
| ☐ Insured Mail Restricted Delivery (over $500) | |

2. Article Number (Transfer from service label)

7015 0640 0007 8143 4073

PS Form 3811, April 2015 PSN 7530-02-000-9053                Domestic Return Receipt

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the within **AFFIDAVIT OF SERVICE**

**FOR RULE TO FILE COMPLAINT** has been served upon the following counsel of record on

this _25_ day of _Feb_ , 2016:

Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Peirce & Associates, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA  15219
*(Counsel for Plaintiff)*

THOMSON, RHODES & COWIE, P.C.

By _Ashley L Griffin_
Ashley L. Griffin, Esquire
Counsel for defendant Excela Health d/b/a
Excela Health Westmoreland Hospital

**Supreme Court of Pennsylvania**

**Court of Common Pleas**
**Civil Cover Sheet**

WESTMORELAND _____ County

| For Prothonotary Use Only: | |
|---|---|
| Docket No: | |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

**Lead Plaintiff's Name:**
Joseph M. Grkman

**Lead Defendant's Name:**
890 Weatherwood Lane Operating Company

**Are money damages requested?** ☒ Yes  ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes  ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes  ☒ No

Name of Plaintiff/Appellant's Attorney:  A. MICHAEL GIANANTONIO, ESQUIRE 89120

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**SECTION B**

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☒ Medical
- ☐ Other Professional:

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

*Updated 1/1/2011*

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

## Civil Division

JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE
ESTATE OF JOSEPH M. GRKMAN,
Deceased,

        Plaintiff,

      vs.

890 WEATHERWOOD LANE
OPERATING COMPANY, LLC d/b/a
THE REHABILITATION AND
NURSING CENTER AT GREATER
PITTSBURG; 890 WEATHERWOOD
LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG,
and EXCELA HEALTH d/b/a EXCELA
HEALTH WESTMORELAND
HOSPITAL,

        Defendants.

No.: 98 of 2016

PLAINTIFF'S COMPLAINT

Code:

Filed on Behalf of: Plaintiff, Joseph M.
Grkman, Jr., Individually, and as Administrator
of the Estate of Joseph M. Grkman, Deceased

Counsel of Record for this Party:

ROBERT F. DALEY, ESQUIRE
Pa I.D. No.: 81992

A. MICHAEL GIANANTONIO
Pa I.D. No.: 89120

ROBERT PEIRCE & ASSOCIATES, P.C.
Firm I.D. No.: 839

2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

### Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

        Plaintiff,

        vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC     d/b/a     THE
REHABILITATION     AND     NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION     AND     NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

        Defendants.

No.: 98 of 2016

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice were served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU

DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN YOU SHOULD GO

TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE

YOU CAN GET LEGAL HELP:

LAWYER REFERRAL SERVICE
WESTMORELAND BAR ASSOCIATION
129 NORTH PENNSYLVANIA AVENUE
GREENSBURG, PA 15601-2311
TELEPHONE: (724) 834-6730

YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS

OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST

YOU BEFORE THE HEARING. IF YOU DO NOT APPEAR FOR THE HEARING, THE

CASE MAY BE HEARD IMMEDIATELY BEFORE A JUDGE. THERE IS NO RIGHT

TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

2

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

### Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

      vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

No.: 98 of 2016

### PLAINTIFF'S COMPLAINT

    AND NOW, comes the Plaintiff, Joseph M. Grkman, Jr., Individually, and as the

Administrator of the Estate of Joseph M. Grkman, Deceased, by and through his undersigned

counsel, A. Michael Gianantonio, Esquire; Robert F. Daley, Esquire; and the law firm of Robert

Peirce & Associates, P.C., and claims damages of the Defendants, 890 Weatherwood Lane

Operating Company, LLC d/b/a The Rehabilitation Center at Greater Pittsburg; and, 890

Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg; upon

causes of action, the following of which are statements:

## I. PARTIES

**A.    Plaintiff**

1.    Plaintiff Joseph M. Grkman, Jr. is an adult individual residing at 109 Fox Creek Road, Venetia, Washington County, Pennsylvania 15367.

2.    Joseph M. Grkman, Jr. is the son of Plaintiff's Decedent, Joseph M. Grkman, who died in Washington County on May 23, 2014 at the age of 89.

3.    Joseph M. Grkman, Jr. was appointed Administrator of the Estate of Joseph M. Grkman on May 19, 2015 by the Register of Wills of Westmoreland County, Pennsylvania.

4.    Joseph M. Grkman brings this action pursuant to 42 PA.C.S. §8301 (Wrongful Death) §8302 (Survival), and PA.R.CIV.P.2202(a) as the personal representative of the Estate of Joseph M. Grkman, on his own behalf and on behalf of all those entitled by law to recover damages for the wrongful death of Joseph M. Grkman.

5.    The names and addresses of all persons legally entitled to recover damages for the death of Joseph M. Grkman, and the relationship to him are as follows:

| Name: | Address: | Relationship: |
|---|---|---|
| Joseph M. Grkman, Jr. | 109 Fox Creek Road Venetia, PA  15367 | Son |
| Steven Grkman | 539 Austin Street Greensburg, PA 15601 | Son |

**B.    Defendants**

6.    Defendant 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg is a Pennsylvania Limited Liability Company that operates within the Commonwealth of Pennsylvania at 890 Weatherwood Lane, Greensburg, Westmoreland County, Pennsylvania 15601.

7.    Defendant 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg operates under the fictitious name The Rehabilitation and Nursing Center at Greater Pittsburg at 890 Weatherwood Lane, Greensburg, Westmoreland County, Pennsylvania 15601.

8.    Defendant 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg is a Pennsylvania Limited Liability Company that operates within the Commonwealth of Pennsylvania at 890 Weatherwood Lane, Greensburg, Westmoreland County, Pennsylvania 15601.

9.    Defendant 890 Weatherwood Lane, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg operates under the fictitious name The Rehabilitation and Nursing Center at Greater Pittsburg at 890 Weatherwood Lane, Greensburg, Westmoreland County, Pennsylvania 15601.

10.   Defendants 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg and 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg, both operate under the fictitious name The Rehabilitation and Nursing Center at Greater Pittsburg and shall collectively be referred to herein as "RNC".

11.   At all times relevant hereto, RNC was a "long-term care" nursing facility as that term is defined at 35 P.S. §448.802(a).

12.   Accordingly, RNC is a "health care provider" as that term is defined at 40 P.S. §1303.503 and in addition to the other claims asserted, Plaintiff is asserting a Professional Liability claim against RNC.

13.   At all times relevant hereto, RNC operated as a "skilled nursing facility" as that term is defined at 42 U.S.C §1395I-3.

3

14.    At all times relevant hereto, RNC was acting independently, and by and through its duly authorized agents, servants, and/or employees, who were then and there acting within the course and scope of their employment.

## II. FACTS COMMON TO ALL CAUSES OF ACTION

15.    At no time during his life did Plaintiff's Decedent, Joseph M. Grkman bring an action to recover damages for his personal injuries, and no other action has been filed to recover damages for the wrongful death of Joseph M. Grkman.

16.    Mr. Grkman was admitted to Paramount Senior Living in McMurray, an assisted living facility on January 24, 2014.

17.    At the time, it was noted that there was a small open area on Mr. Grkman's sacrum and there was some excoriation in the sacral area as well.

18.    Mr. Grkman was admitted to Paramount specifically because he wanted to be close to his wife, who was residing in the dementia unit at Paramount.

19.    The skin condition described above was existing upon his admission to Paramount. Said ulcer did not worsen before his discharge from Paramount on February 2, 2014, at which time Mr. Grkman was transferred to Excela Westmoreland Hospital ("Excela").

20.    Upon admission to Excela, Mr. Grkman was noted to have a Stage I left heel ulcer and a Stage II buttocks ulcer.

21.    However, Excela's Clinical Diagnoses notes demonstrate that a decubitus ulcer was not diagnosed until February 10, 2014 by Physician's Assistant Kristina M. Smith.

22.    While at Excela, Mr. Grkman developed a pressure ulcer on his coccyx.

23.    The Excela nursing discharge notice demonstrates that Mr. Grkman had a Stage II left buttocks decubitus ulcer on February 17, 2014.

24.    Mr. Grkman was admitted to RNC on February 17, 2014.

4

25.    At the time of his admission to RNC, there was no mention of any decubitus ulcers and/or pressure sores present, with the exception of the mention that there may have been an eschar on the left heel.

26.    Upon admission, RNC entered an order to monitor and to turn and reposition Mr. Grkman every two hours.

27.    Interestingly, on February 17, 2014, RNC completed an interdisciplinary Plan of Care that demonstrated there was an ulcer present in the coccyx area.

28.    The ulcer was identified as a Stage II ulcer.

29.    In fact, the ulcer was described as being an open area on the coccyx, approximately .5 cm, with a small amount of exudate.

30.    There was also a thin layer of pale yellow identified within, however, the ulcer was Unstaged at the time.

31.    In fact, there were four different pressure sores noted when Mr. Grkman was first admitted at RNC on February 17, 2014.

32.    While three of the pressure sores resolved, the largest sore, located on his coccyx, did not respond to treatment.

33.    On February 20, 2014, Mr. Grkman was transferred to Westmoreland Hospital's Emergency Department for an evaluation of an altered mental status.

34.    By February 25, 2014 the coccyx ulcer was 2 cm wide x 1 cm deep with a serous discharge.

35.    The ulcer was noted as being a Stage III pressure ulcer.

36.    There is no documentation within the records that Mr. Grkman's physician was contacted to inform her of the degradation of the ulcer.

37.     Further, RNC did not make appropriate modifications to Mr. Grkman's treatment and/or care.

38.     A Pressure Ulcer Record ("PUR") was kept every seven days to document the ulcer.

39.     On March 4, 2014, Mr. Grkman's ulcer was again diagnosed as a Stage III ulcer.

40.     At this time, the only intervention in place was a specialty bed.

41.     Further, the wound was identified as being improved for some reason.

42.     On March 10, 2014, Mr. Grkman was again transferred to Excela for shortness of breath. On March 11, 2014, the wound was again staged as a Stage III with slough within.

43.     Despite the presence of slough at this time, the nursing staff again identified the wound as being improved.

44.     Again, the only interventions in place for Mr. Grkman were a specialty bed and a wheelchair cushion.

45.     On March 18, 2014, the wound again was characterized as Stage III, but at this point it was identified as not being changed as there was still a layer of slough.

46.     Again, the only interventions in place were a specialty bed and a wheelchair cushion.

47.     Treatment was changed to a Drawtex dressing after five weeks of no improvement after using Dermasyn AG.

48.     Also, at this time, Mr. Grkman was diagnosed as having left elbow cellulitis.

49.     Cellulitis could be demonstrative of an infection.

50.     On April 8, 2014, RNC notified Mr. Grkman's physician of a lack of healing on the pressure sore and the physician changed the prescription to Santyl debridement cream.

51.     Santyl cream is used in burns and pressure sores to help eliminate dead tissue and promote healthy tissue for healing; when used, it should be carefully monitored in debilitated residents as these residents are at an increased risk for systemic bacterial infections because debriding enzymes may increase the risk of Bacteremia.

52.     Eleven days after starting the use of Santyl, Mr. Grkman developed a cough at which time a chest x-ray was ordered.

53.     The results indicated possible minimal bilateral pneumonia, however, antibiotics were not ordered and Santyl cream was continued.

54.     On April 28, 2014, Mr. Grkman was diagnosed with bilateral pneumonia.

55.     By May 1, 2014, the ulcer was still identified as a Stage III.

56.     Mr. Grkman was specifically at RNC for rehabilitation so that he would become healthy enough to undergo a valve replacement to address his congestive heart failure.

57.     Mr. Grkman was discharged from RNC on May 6, 2014 and he eventually passed away on May 23, 2014.

## COUNT I – SURVIVAL – NEGLIGENCE

58.     All proceeding paragraphs of this Complaint are incorporated herein as if set forth more fully at length.

59.     At all times relevant hereto Defendants RNC acted by and through their agents, servants, and/or employees.

60.     RNC, as well as its agents, servants, and/or employees, had a duty to act prudently, and had a duty to provide ordinary and reasonable care and services to Mr. Grkman.

61.     RNC, as well as its agents, servants, and/or employees had a duty to ensure they were competent to provide that care.

62.   RNC, as well as its agents, servants, and/or employees, had a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for residents such as Joseph Grkman.\ RNC, as well as its agents, servants, and/or employees, breached these duties owed to Mr. Grkman in the following particulars:

    a.    By failing to prevent Mr. Grkman from developing pressure ulcers, as pled herein;

    b.    By failing to prevent Mr. Grkman's pressure ulcers from worsening, as pled herein;

    c.    By failing to conduct necessary skin quality examinations, as pled herein;

    d.    By failing to frequently turn and reposition Mr. Grkman to prevent the development of pressure ulcers, or the worsening of existing pressure ulcers, as pled herein;

    e.    By failing to implement a specialty mattress for Mr. Grkman in a timely fashion when he was at risk for the development of pressure ulcers, as pled herein;

    f.    By failing to check the functioning of the specialty mattress in place for Mr. Grkman, as pled herein;

    g.    By failing to properly train its employees to handle and treat residents such as Mr. Grkman, who were at risk for the development of pressure ulcers, or the worsening of existing pressure ulcers;

    h.    By failing to provide treatment and/or medical intervention for Mr. Grkman's pressure ulcers when he presented with signs and symptoms of pressure ulcers, as pled herein;

    i.    By failing to prevent Mr. Grkman from developing pneumonia, as pled herein;

    j.    By failing to prevent Mr. Grkman's pneumonia from worsening, as pled herein;

    k.    By failing to conduct necessary examinations as they relate to proper and adequate pulmonary care, as pled herein;

8

l.     By failing to properly and adequately treat Mr. Grkman's pneumonia, as pled herein;

m.    By failing to properly train its employees to handle and treat residents such as Mr. Grkman, who were at risk for the development of pneumonia, or the worsening of existing pneumonia, as pled herein;

n.     By failing to implement an appropriate Plan of Care for Mr. Grkman and an adequate plan of safety precautions, as pled herein;

o.     By failing to comply with State and Federal reporting requirements with regard to the care Mr. Grkman received, as pled herein;

p.     By failing to properly supervise its staff, as pled herein;

q.     By failing to properly train its staff, as pled herein;

r.     By failing to provide sufficient staff to ensure that Mr. Grkman would be provided the care and assistance that he required, as pled herein; and

s.     By negligently hiring and/or retaining staff whom Defendant RNC knew, or should have known, were incompetent to care for residents such as Mr. Grkman.

63.     At all times relevant hereto, Defendant RNC, along with its duly authorized agents, servants, and/or employees, had a duty not to violate the legal rights of any resident, and had a duty to comply with all provisions of Title 28 Pennsylvania Administrative Code, Chapter 211, and with all provisions of 42 C.F.R. § 483, *et seq.*

64.     The above-noted regulations are designed and intended to protect the interests of persons such as Mr. Grkman who are residing at facilities such as Defendant RNC's facility.

65.     The above-noted regulations are designed and intended to protect the interests of persons such as Mr. Grkman against the hazards he encountered and the harm and injury he suffered while residing at Defendant RNC's facility and his eventual death, which resulted from his stay at RNC's facility.

9

66.     Defendant RNC, along with its duly authorized agents, servants, and/or employees, negligently violated the above-noted regulations in the following ways:

a.     By failing to meet the minimum standard for the operation of a long term care facility, as required by 28 Pa. Code § 201.14(a), as pled herein;

b.     By failing to adopt and enforce effective rules for the health, care, and safety of the residents, as well as the general population of the facility, as required by 28 Pa. Code § 201.18(b), as pled herein;

c.     By failing to provide appropriate training and educational programs for Defendant RNC's staff, as required by 28 Pa. Code § 201.21, as pled herein;

d.     By failing to establish appropriate written policies regarding the rights and responsibilities of residents, and by failing to develop and adhere to written policies and procedures that did exist, as required by 28 Pa. Code § 201.29(a), as pled herein;

e.     By failing to maintain adequate clinical records for Mr. Grkman, as required by 28 Pa. Code § 211.5, as pled herein;

f.     By failing to prepare an adequate Resident Care Policy for Mr. Grkman to ensure that he was comfortable, clean, and well groomed, and to ensure that he was protected from accident, injury, and infection, as required by 28 Pa. Code § 211.10, as pled herein;

g.     By failing to prepare a Resident Care Plan for Mr. Grkman, as required by 28 Pa. Code § 211.11, as pled herein;

h.     By failing to provide a sufficient number of personnel on a 24-hour basis to adequately care for Mr. Grkman, as required by 28 Pa. Code § 211.12, as pled herein;

i.     By failing to meet appropriate minimum staffing ratios, as required by 28 Pa. Code § 211.12, as pled herein;

j.     By failing to provide at least 2.7 hours of direct nursing care daily to Mr. Grkman, as required by 28 Pa. Code § 211.12, as pled herein;

10

k.      By failing to provide Mr. Grkman his rights, including the right to a dignified existence, as required by 42 C.F.R. § 483.10, as pled herein;

l.      By failing to notify Mr. Grkman's physician and his family when he suffered significant changes in his physical, mental, and psycho-social status, as required by 42 C.F.R. § 483.10(b)(11), as pled herein;

m.     By failing to develop and implement written policies and procedures to prohibit the mistreatment, neglect, and abuse of residents, as required by 42 C.F.R. § 483.13(c), as pled herein;

n.      By failing to care for Mr. Grkman in a manner that promoted maintenance and enhancement of his life, as required by 42 C.F.R. § 483.15, as pled herein;

o.      By failing to adequately assess Mr. Grkman in a fashion that accurately reflected his status, as required by 42 C.F.R. § 483.20, as pled herein;

p.      By failing to develop a comprehensive Care Plan for Mr. Grkman, as required by 42 C.F.R. § 483.20, as pled herein;

q.      By failing to provide Mr. Grkman the necessary care and services to allow him to attain or maintain the highest practicable physical, mental, and psycho-social wellbeing, as required by 42 C.F.R. § 483.25, as pled herein;

r.      By failing to prevent Mr. Grkman from suffering from pressure ulcers, as required by 42 C.F.R. § 483.25, as pled herein;

s.      By failing to prevent Mr. Grkman's pressure ulcers from worsening, as required by 42 C.F.R. § 483.25, as pled herein;

t.      By failing to ensure that RNC had sufficient nursing staff to provide nursing and related services to allow Mr. Grkman to attain or maintain the highest practicable level of physical, mental, and psycho-social well-being, as required by 42 C.F.R. § 483.30, as pled herein;

u.      By failing to establish and maintain an infection control program designed to provide a safe, sanitary, and comfortable environment and help prevent the development

11

and transmission of disease and infection, as required by 42
C.F.R. § 483.65, as pled herein; and,

v.    By failing to ensure that Mr. Grkman was provided with
necessary services to maintain good nutrition, grooming,
and personal and oral hygiene when Mr. Grkman was not
able to provide those services for himself, as required by 42
C.F.R. § 483.25(a)(3), as pled herein.

67.    As a direct and proximate result of the negligent conduct of Defendant RNC as set forth above, Mr. Grkman was injured during his residence at Defendant RNC's facility, suffered from pressure ulcers, pain and suffering, and died.

68.    As a proximate result of the negligent conduct of Defendant RNC, Plaintiff Joseph M. Grkman, Jr., Individually and as Administrator of the Estate of Joseph M. Grkman, Deceased, seeks damages for the following items:

a.    The pain, suffering, embarrassment, inconvenience,
anxiety, nervousness, and loss of enjoyment of life's
pleasures suffered by Mr. Grkman related to the injuries
and death he suffered; and,

b.    Other losses and damages permitted by law.

WHEREFORE, the Plaintiff, Joseph M. Grkman, Jr., Individually and as Administrator of the Estate of Joseph M. Grkman, Deceased, claims damages of Defendants, and demands compensatory and consequential damages from Defendants in an amount in excess of the jurisdictional arbitration limits, together with interest, costs of suit, and any other relief this Honorable Court deems appropriate to recover for which this suit is filed.

## COUNT II

## NEGLIGENCE – WRONGFUL DEATH

69.    All preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

70.    As a direct and proximate result of the negligent conduct of the Defendant RNC as aforementioned, Plaintiff Joseph M. Grkman, Jr., Individually, and on behalf of those persons entitled by law to recover damages for the wrongful death of Joseph M. Grkman, have suffered the following injuries and damages:

    a.   They have expended money for funeral and Estate expenses as a result of the death of Mr. Grkman;

    b.   They have expended money for hospital, nursing, and medical expenses necessitated by reason of the injuries causing Mr. Grkman's death;

    c.   They have been denied, and have forever lost, the services, assistance, guidance, counseling, companionship, and society of Mr. Grkman; and,

    d.   They have been, and will forever be, deprived of the financial support and all pecuniary benefits which they would have received from Mr. Grkman.

WHEREFORE, Plaintiff, Joseph M. Grkman, Jr., Individually and as Administrator of the Estate of Joseph M. Grkman, Deceased, claims damages of Defendants, and demands compensatory and consequential damages from Defendants in an amount in excess of the jurisdictional arbitration limits, together with interest, costs of suit, and any other relief this Honorable Court deems appropriate to recover for which this suit is filed.

A JURY TRIAL IS DEMANDED.

ROBERT PEIRCE & ASSOCIATES, P.C.

By: _____
A. MICHAEL GIANANTONIO ESQUIRE
Counsel for Plaintiff

13

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

       Plaintiff,

     vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

       Defendants.

No.: 98 of 2016

**CERTIFICATE OF MERIT REGARDING
DEFENDANT 890 WEATHERWOOD LANE OPERATING COMPANY, LLC DOING
BUSINESS AS THE REHABILITATION AND NURSING CENTER AT GREATER
PITTSBURG**

I, A. Michael Gianantonio, Esquire, certify that:

An appropriate licensed professional has supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by
the defendant in the treatment, practice or work that is the subject of the complaint, fell
outside acceptable professional standards and that such conduct was a cause in bringing
about harm;

And

The claim that defendant deviated from an acceptable professional standard is based
solely or in part on allegations that other licensed professionals for whom this defendant
is responsible deviated from an acceptable professional standard and an appropriate
licensed professional has supplied a written statement to the undersigned that there is a

1

basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

Or

_____ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against these defendants.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: _____
A. MICHAEL GIANANTONIO, ESQUIRE
Counsel for Plaintiff

2

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

        Plaintiff,

vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

        Defendants.

No.: 98 of 2016

### CERTIFICATE OF MERIT REGARDING
### DEFENDANT 890 WEATHERWOOD LANE, LLC DOING BUSINESS AS THE
### REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG

I, A. Michael Gianantonio, Esquire, certify that:

An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about harm;

And

The claim that defendant deviated from an acceptable professional standard is based solely or in part on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other

1

licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

Or

_____ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against these defendants.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By:

A. MICHAEL GIANANTONIO, ESQUIRE
Counsel for Plaintiff

2

# IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

### Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

       Plaintiff,

      vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

No.: 98 of 2016

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Complaint was

served this 29th day of March, 2016, by first class United States mail, postage pre-paid, addressed

as follows:

Ashley L. Griffin, Esquire
Thomson, Rhodes & Cowie, P.C.
Two Chatham Center, Tenth Floor
Pittsburgh, PA 15219-3499
(Attorney for Excela Health)

890 Weatherwood Lane Operating Company, LLC
d/b/a The Rehabilitation and Nursing Center at Greater Pittsburg
890 Weatherwood Lane
Greensburg, PA 15601

1

890 Weatherwood Lane, LLC
d/b/a The Rehabilitation and Nursing
Center at Greater Pittsburg
890 Weatherwood Lane
Greensburg, PA 15601

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By:

A. MICHAEL GIANANTONIO, ESQUIRE
Counsel for Plaintiff

2

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

### Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

    vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

No.: 98 of 2016

### VERIFICATION

    I verify that the averments of fact made in the foregoing Plaintiff's Complaint are true

and correct and based on my personal knowledge, information or belief. I understand that

averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904,

relating to unsworn falsifications to authorities.

3/23/16
Dated

JOSEPH M. GRKMAN, JR.

**IN THE COURT OF COMMON PLEAS**
**OF WESTMORELAND COUNTY, PENNSYLVANIA**

| | |
|---|---|
| JOSEPH M. GRKMAN, JR., Individually and as the ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased, | CIVIL DIVISION |
| | No. 98 of 2016 |
| Plaintiff, | |
| v. | **NOTICE OF APPEARANCE** |
| 890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG; 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG, and EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL, | Filed on behalf of: 890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG and 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG, Defendants |
| Defendants. | Counsel of Record for this Party: |

Eugene A. Giotto, Esquire
Pa. I.D. #58286
Robert D. Finkel, Esquire
Pa. I.D. # 71130
Joanna S. Novak, Esquire
Pa. I.D. #308753

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 562-8800 – phone
(412) 562-1041 – fax

JURY TRIAL DEMANDED

APR 1 1 2016



### IN THE COURT OF COMMON PLEAS
### OF WESTMORELAND COUNTY, PENNSYLVANIA
### CIVIL DIVISION

| | |
|---|---|
| JOSEPH M. GRKMAN, JR., Individually and as the ADMINISTRATOR OF THE ESTATE OF JOSEPH M. GRKMAN, Deceased, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 98 of 2016 ) |
| 890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG; 890 WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURG, and EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

### <u>NOTICE OF APPEARANCE</u>

TO THE DEPARTMENT OF COURT RECORDS:

Please enter the appearance of Eugene A. Giotto, Esquire, Robert D. Finkel, Esquire, Joanna S. Novak, Esquire, and BUCHANAN INGERSOLL & ROONEY PC, on behalf of the Defendants in the above-captioned action.

**JURY TRIAL DEMANDED.**

BUCHANAN INGERSOLL & ROONEY PC

By _____

Joanna S. Novak, Esquire (ID #308753)
*joanna.novak@bipc.com*

Eugene A. Giotto, Esquire (ID #58286)
*eugene.giotto@bipc.com*

Robert D. Finkel, Esquire (ID # 71130)
*robert.finkel@bipc.com*

One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
(412) 562-8800

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the within Notice of Appearance was served upon the following counsel of record by United States mail, first class, postage prepaid, this 7th day of April, 2016:

Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Peirce & Associates, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219
*Attorneys for Plaintiff*

Joanna S. Novak, Esquire

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**
**Civil Division**

JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE
ESTATE OF JOSEPH M. GRKMAN,
Deceased,

            Plaintiff,

    vs.

890 WEATHERWOOD LANE
OPERATING COMPANY, LLC d/b/a
THE REHABILITATION AND
NURSING CENTER AT GREATER
PITTSBURG; 890 WEATHERWOOD
LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG,
and EXCELA HEALTH d/b/a EXCELA
HEALTH WESTMORELAND
HOSPITAL,

           Defendants.

No.: 98 of 2016

NOTICE OF SERVICE OF PLAINTIFF'S
FIRST SET OF INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS DIRECTED TO DEFENDANT
890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG

Code:
Filed on Behalf of: Joseph M. Grkman, Jr.,
Individually, and as Administrator of the Estate
of Joseph M. Grkman, Deceased

Counsel of Record for this Party:
ROBERT F. DALEY, ESQUIRE
Pa I.D. No.: 81992

A. MICHAEL GIANANTONIO
Pa I.D. No.: 89120

ROBERT PEIRCE & ASSOCIATES, P.C.
Firm I.D. No.: 839
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**
**Civil Division**

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

              vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

      Defendants.

No.: 98 of 2016

**NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF**
**DOCUMENTS DIRECTED TO DEFENDANT**

      TAKE NOTICE that a true and correct copy of the Plaintiff's First Set of Interrogatories and First Request for Production of Documents was served by first class United States mail, postage prepaid, upon counsel for the Defendant, on the __13th__ day of __April__, 2016, addressed as follows:

| | |
|---|---|
| Eugene Giotto, Esquire | Ashley L. Griffin, Esquire |
| Robert Finkel, Esquire | Thomson, Rhodes & Cowie, P.C. |
| Buchanan Ingersoll & Rooney, P.C. | Two Chatham Center |
| One Oxford Centre | Suite 1010 |
| 301 Grant Street, 20th Floor | Pittsburgh, PA 15219 |
| Pittsburgh, PA 15219 | *(Attorney for Excela Health)* |
| *(Attorney for 890 Weatherwood)* | |

                        Respectfully submitted,

                        ROBERT PEIRCE & ASSOCIATES, P.C.

                        By:

                        A. MICHAEL GIANANTONIO, ESQUIRE
                        Counsel for Plaintiff

1

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA
### Civil Division

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

    Plaintiff,       No.: 98 of 2016

  vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURG, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

    Defendants.

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Service was served

by first class United States mail, postage pre-paid, upon counsel for the Defendants, addressed as

follows, this _13th_ day of ___April___, 2016:

  Eugene Giotto, Esquire       Ashley L. Griffin, Esquire
  Robert Finkel, Esquire      Thomson, Rhodes & Cowie, P.C.
Buchanan Ingersoll & Rooney, P.C.     Two Chatham Center
  One Oxford Centre        Suite 1010
301 Grant Street, 20th Floor      Pittsburgh, PA 15219
  Pittsburgh, PA 15219      *(Attorney for Excela Health)*
*(Attorney for 890 Weatherwood)*

            Respectfully submitted,
            ROBERT PEARCE & ASSOCIATES, P.C.

            By: _____
             A. MICHAEL GIANANTONIO, ESQUIRE
             Counsel for Plaintiff

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

JOSEPH M. GRKMAN, JR., Individually and
as the ADMINISTRATOR OF THE ESTATE
OF JOSEPH M. GRKMAN, Deceased,

     Plaintiff,

     vs.

890 WEATHERWOOD LANE OPERATING
COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH; 890
WEATHERWOOD LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER PITTSBURGH, and
EXCELA HEALTH d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

     Defendants.

CIVIL DIVISION

No. 98 of 2016

Issue No.

Judge Christopher Scherer

**STIPULATION TO DISCONTINUE AS
TO FEWER THAN ALL DEFENDANTS
PURSUANT TO RULE 229**

Code:

Filed on behalf of defendant Excela Health
d/b/a Excela Health Westmoreland Hospital

Counsel of Record for this Party:

Ashley L. Griffin, Esquire
PA I.D. #208761

Thomson, Rhodes & Cowie, P.C.
Firm #720
1010 Two Chatham Center
Pittsburgh, PA 15219
(412) 232-3400

Direct Dial: (412) 316-8652
Email: alg@trc-law.com
Facsimile: (412) 232-3498

APR 1 5 2016

## NOTICE OF PRESENTATION

The enclosed *Stipulation to Discontinue as to Fewer than All Defendants Pursuant to Rule 229* has been signed by all counsel.  It will be presented to Judge Christopher Scherer in the Westmoreland County Courthouse on **Friday, April 15, 2016 at 9:00 am**.  Undersigned counsel has conferred with all other counsel and the enclosed motion/stipulation is uncontested (since it is signed by all counsel) and all counsel has agreed to waive the four-day notice requirement for presentation of said motion to the court.

THOMSON, RHODES & COWIE, P.C.

By_____

Ashley L. Griffin, Esquire
Counsel for defendant Excela Health d/b/a
Excela Health Westmoreland Hospital

## STIPULATION TO DISCONTINUE AS TO FEWER THAN ALL DEFENDANTS PURSUANT TO RULE 229

The parties do hereby stipulation and agree, as evidenced by signature of their respective counsel below, that the case against defendant EXCELA HEALTH d/b/a EXCELA HEALTH WESTMORELAND HOSPITAL, only, shall be discontinued, with prejudice, and that the caption shall be amended, and that the Prothonotary is to indicate the dismissal and caption amendment on the docket.

**FOR PLAINTIFFS:**

_____
Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Pierce & Associates, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219

**FOR DEFENDANTS, 890 WEATHERWOOD LANE OPERATING COMPANY, LLC D/B/A THE REHABILITATION AND NURSING CENTER AT GREAT PITTSBURGH AND 890 WEATHERWOOD LANE, LLC D/B/A THE REHABILITATION AND NURSING CENTER AT GREATER PITTSBURGH:**


_____
Eugene A. Giotto, Esquire
Robert D. Finkel, Esquire
Joanna S. Novak, Esquire
Buchanon, Ingersoll & Rooney, P.C.
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219

**FOR DEFENDANTS, EXCELA HEALTH D/B/A EXCELA HEALTH WESTMORELAND HOSPITAL:**

_____
Ashley L. Griffin, Esquire
Thomson, Rhodes & Cowie, P.C.
1010 Two Chatham Center
Pittsburgh, PA 15219

## STIPULATION TO DISCONTINUE AS TO FEWER THAN ALL DEFENDANTS PURSUANT TO RULE 229

The parties do hereby stipulation and agree, as evidenced by signature of their respective

counsel below, that the case against defendant EXCELA HEALTH d/b/a EXCELA HEALTH

WESTMORELAND HOSPITAL, only, shall be discontinued, with prejudice, and that the

caption shall be amended, and that the Prothonotary is to indicate the dismissal and caption

amendment on the docket.

**FOR PLAINTIFFS:**


_____
Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Pierce & Associates, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA  15219

**FOR DEFENDANTS, 890 WEATHERWOOD LANE OPERATING COMPANY, LLC D/B/A THE
REHABILITATION AND NURSING CENTER AT GREAT PITTSBURGH AND 890
WEATHERWOOD LANE, LLC D/B/A THE REHABILITATION AND NURSING CENTER AT
GREATER PITTSBURGH:**


_____
Eugene A. Giotto, Esquire
Robert D. Finkel, Esquire
Joanna S. Novak, Esquire
Buchanon, Ingersoll & Rooney, P.C.
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219

**FOR DEFENDANTS, EXCELA HEALTH D/B/A EXCELA HEALTH WESTMORELAND
HOSPITAL:**


_____
Ashley L. Griffin, Esquire
Thomson, Rhodes & Cowie, P.C.
1010 Two Chatham Center
Pittsburgh, PA  15219



IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY,
PENNSYLVANIA

JOSEPH M. GRKMAN, JR., Individually
and as the ADMINISTRATOR OF THE
ESTATE OF JOSEPH M. GRKMAN,
Deceased,

     Plaintiff,

     vs.

890 WEATHERWOOD LANE
OPERATING COMPANY, LLC d/b/a
THE REHABILITATION AND
NURSING CENTER AT GREATER
PITTSBURGH; 890 WEATHERWOOD
LANE, LLC d/b/a THE
REHABILITATION AND NURSING
CENTER AT GREATER
PITTSBURGH, and EXCELA HEALTH
d/b/a EXCELA HEALTH
WESTMORELAND HOSPITAL,

     Defendants.

CIVIL DIVISION

No. 98 of 2016

Issue No.

## ORDER OF COURT

AND NOW, this ___15___ day of April, 2016, upon consideration of the foregoing

Stipulation, it is hereby ordered that the case against Excela Health d/b/a Excela Health

Westmoreland Hospital, only, is hereby discontinued with prejudice and without payment of

money. The caption shall be amended to the following and the prothonotary shall amend the

caption to reflect the same on the docket:



JOSEPH M. GRKMAN, JR., Individually and as the ADMINISTRATOR OF THE ESTATE OF
JOSEPH M. GRKMAN, Deceased,

      Plaintiff,

      vs.

890 WEATHERWOOD LANE OPERATING COMPANY, LLC d/b/a THE
REHABILITATION AND NURSING CENTER AT GREATER PITTSBURGH and 890
WEATHERWOOD LANE, LLC d/b/a THE REHABILITATION AND NURSING CENTER
AT GREATER PITTSBURGH,

      Defendants.


      It is so ordered.


                       BY THE COURT:

                       _____ J.

## CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the within **STIPULATION TO**

**DISCONTINUE AS TO FEWER THAN ALL DEFENDANTS PURSUANT TO RULE 229**

has been served upon the following counsel of record on this 12th day of April, 2016:

Robert F. Daley, Esquire
A. Michael Gianantonio, Esquire
Robert Peirce & Associates, P.C.
2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219

Eugene A. Giotto, Esquire
Robert D. Finkel, Esquire
Joanna S. Novak, Esquire
Buchanon, Ingersoll & Rooney, P.C.
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219

THOMSON, RHODES & COWIE, P.C.

By _____
Ashley L. Griffin, Esquire
Counsel for defendant Excela Health d/b/a
Excela Health Westmoreland Hospital